UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,
    Plaintiff,

vs.

Case No: 1:18-cv-00229-PLM-RSK
Judge Paul L. Maloney
MJ Ray S. Kent

BILL SCHUETTE, KRISTE KIBBEY ETUE,
ROBERT COONEY, KENNETH SMITH
and SARA SWANSON,
    Defendants.

---

| | |
|---|---|
| William Sim Spencer<br>Plaintiff in propria persona<br>15283 Wallin Road<br>Thompsonville, MI 49683<br>(231) 970-0810 | ADAM P. SADOWSKI P73864<br>ASSISTANT ATTORNEY GENERAL<br>FOR DEFENDANTS BILL SCHUETTE, KRISTE<br>KIBBEY ETUE & KENNETH SMITH<br>P. O. BOX 30736<br>Lansing, MI 48909<br>(517) 373-6434<br><br>ROBERT A. COONEY P73864<br>GRAND TRAVERSE COUNTY PROSECUTOR<br>ATTORNEY FOR DEFENDANT<br>ROBERT COONEY<br>324 Court Street<br>Traverse City, MI 49684<br>(231) 922-4600 |

PLAINTIFF'S VERIFIED OBJECTIONS TO 4/18/2018 NON-DISPOSITIVE
ORDER BY MAGISTRATE[1] and PROOF OF SERVICE

Dated: 26 April 2018.

William Sim Spencer

---

[1] 4/18/2018 Order Denying Privilege of E-Filing. Attachment 1.

1

Pursuant to Federal Rules of Civil Procedure, Rule 72(a), Plaintiff WILLIAM SIM SPENCER, in propria persona, timely OBJECTS to the magistrate's omission of highly-relevant objective and verifiable facts to deny to Plaintiff the privilege of E-Filing, such denial being further based on misleading and subjective facts which are demonstrably erroneous and false; Contrary to the Due Process and Equal Protection Clauses of U.S. Const. Am. XIV, specifically:

1. In *William Sim Spencer v Sheriff Bouchard*,[2] the United States Court of Appeals for the Sixth Circuit *(in a 10-page published opinion)* REVERSED the WD Mich. Order that had denied Plaintiff's civil rights claim against government officials as frivolous and without merit. The Plaintiff in this instant action is one-and-the-same as the winning plaintiff in published opinion of the Sixth Circuit.

2. In *People v William Sim Spencer (Oakland County)*,[3] the Michigan Supreme Court REVERSED the Order of the Michigan Court of Appeals which denied the pro se' defendant's motion for relief from judgment under MCR 6.500, et. seq. The Plaintiff in this instant action is one-in-the-same as the winning defendant in the REVERSAL issued by the Michigan Supreme Court.

3. In *William Sim Spencer v Benzie County Prosecuting Attorney*,[4] the Michigan Court of Appeals REVERSED the Order of the Benzie County Circuit Court denying the plaintiff's civil rights claim against government officials as frivolous and without merit. The Plaintiff in this instant action is one-and-the-same as the winning plaintiff in the REVERSAL issued by the Michigan Court of Appeals.

---

[2] *William Sim Spencer v Sheriff Michael Bouchard, et. al.*, 449 F 3rd 721 (6th Cir. 2006). REVERSAL OF WD MICH ORDER. See Attachment 2.
[3] *People v William Sim Spencer*, Supreme Court Case 131618, REVERSAL OF MICHIGAN COURT OF APPEALS ORDER. Attachment 3.
[4] *William Sim Spencer v Benzie County Prosecuting Attorney*, Court of Appeals Case: 337827, REVERSAL OF BENZIE COUNTY CIRCUIT COURT ORDER. Attachment 4.

4. In *William Sim Spencer, et. al. v Department of State Police Director*,[5] 33 consolidated plaintiffs were united at the Court of Claims by a uniform civil complaint for declaratory and injunctive relief offered on line by the lead plaintiff.[6] As a result of the winning uniform civil complaint, there are 33 individuals who are no longer classified as: "Tier I, Tier II or Tier III Offender." The Plaintiff in this instant action is one-and-the-same as the winning lead-plaintiff described in this paragraph.

5. In *People v William Sim Spencer (Benzie County)*, the circuit court REVERSED the 1/26/2017 bind over issued by the 85th District Court.[7] The Plaintiff in this instant action is one-and-the-same as the winning defendant described in this paragraph.

6. In *People v William Sim Spencer (Benzie County)*, the circuit court also REVERSED the 11/20/2017 second bind over issued by the 85th District Court.[8] The Plaintiff in this instant action is one-and-the-same as the winning defendant described in this paragraph.

7. In *William Sim Spencer v David Pratt*,[9] the habeas petitioner relied on the state-court record to show that his conviction was not supported by any evidence, accusation or establishment of the element of actus reus of a crime.

8. The habeas petitioner in *William Sim Spencer v Pratt* was convicted under MCL § 750.520c.

9. Model Crim. JI 20.2 provides that to obtain a valid conviction under MCL § 750.520c, the prosecutor must establish that the defendant [touched (name complainant)'s / made (name complainant) touch (his / her) / permitted (name complainant) to touch (his / her)] [genital area / groin / inner thigh / buttock / (or) breast] or the clothing covering that area.

---

[5] *William Sim Spencer v Michigan State Police Director*, Court of Claims Case: 16-274-MZ. Attachment 5.
[6] https://www.honorrestored.com.
[7] Attachment 6.
[8] Attachment 7.
[9] William Sim Spencer v David Pratt, WD Mich. Case: 2:08-cv-2527-ADT, PJK.

10. The state-court record underlying the *Spencer v Pratt* decision is void of any specific accusation/admission/evidence of fact to establish any of the elements enumerated by M Crim. JI 20.2.[10]

11. The state-court record underlying the *Spencer v Pratt* decision includes only charging instruments that merely set forth the criminal accusation in the words of MCL § 750.520c.

12. MCL § 750.520c does not define the legal artifice: "sexual contact" and provides no indication that a legal artifice even exists to fundamentally change those words' common dictionary meaning.

13. The habeas petitioner in *Spencer v Pratt* showed that he relied on the Webster's Dictionary definition of the words "sexual contact" to mean "a meeting of or relating to the sexes."

14. The *Spencer v Pratt* court, however, held that the habeas petitioner's claim was frivolous and without merit because the legal artifice definition of "sexual contact" may be found in a statute that was neither charged, cited, mentioned or quoted during the entire underlying state-court proceedings, MCL § 750.520a.

15. To the best of Plaintiff's information and belief, the gravamen of the *Spencer v Pratt* decision is that criminal defendants are not entitled to notice of the nature of the accusation if they are accused of violating MCL § 750.520c.

16. As a result of the erroneous *Spencer v Pratt* decision: the habeas petitioner spent 15 years in prison based on a criminal conviction obtained without establishment of the element of actus reus.

---

[10] The Plaintiff will forward by email to the Court or any party to this case all of the charging documents, transcripts and orders of the Oakland County Circuit Court in the underlying case to definitively show that the element of actus reus cannot be found therein.

4

17. A careful review of the five cases cited in the 4/18/2018 Order will reveal that each case constituted a different full-throated attempt by Plaintiff to stop the 15-years-long illegal restraint of his person - - even if that meant rescinding his citizenship because being a free innocent man without a county is better than being a wrongfully incarcerated innocent man with a country.

18. For instance, Plaintiff's lawsuits filed against the parole board, where he claimed a violation of his liberty interest to be considered for the benefit of parole after he was repeatedly and automatically disqualified from parole consideration based solely on his refusal to renounce his innocence, were summarily dismissed as frivolous based on the erroneous result of *Spencer v Pratt*. The *Spencer v Pratt* decision has prejudicially sealed Plaintiff's disenfranchisement from the truth, i.e. that he is innocent, and the 15-year restraint of his person was in violation of the Due Process Clause.

19. As described above, Plaintiff has previously prevailed against the Oakland County Sheriff,[11] Oakland County Corporation Counsel,[12] the Oakland County Prosecuting Attorney,[13] the Michigan Attorney General,[14] the Michigan State Police Director,[15] the Benzie County Prosecuting Attorney[16] and the Grand Traverse County Prosecuting Attorney.[17] This statistic does not reflect the hundreds upon hundreds of successful legal actions *(many are published)* ghost-written by Plaintiff on behalf of fellow prisoners and prison staff while he was mastering constitutional law from behind the prison wall for 15 years.

---

[11] *William Sim Spencer v Sheriff Bouchard, supra.*
[12] *William Sim Spencer v Sheriff Bouchard, supra.*
[13] *People v William Sim Spencer, (Oakland) supra.*
[14] *William Sim Spencer v Department of State Police Director, supra.*
[15] *William Sim Spencer v Department of State Police Director, supra.*
[16] *William Sim Spencer v Benzie County Prosecuting Attorney, supra.*
[17] *People v William Sim Spencer (Benzie), supra.*

20. Shepard's Citations reports that Plaintiff's first published case back in 2006 has been cited in over 1000 other judicial opinions, treatises, briefs before the courts and has even been cited by John Roberts, Chief Justice of the Supreme Court.

21. Plaintiff is proceeding informa pauperis and the costs of making copies and paying for postage is a significant burden on him.

22. Requiring Plaintiff to bear the expense of making copies and using the U.S. Mail instead of E-filing violates the Due Process Clause of U.S. Const. Am. XIV because such a requirement prejudicially places Plaintiff at a prejudicial disadvantage compared to his legal adversaries who are all government officials and who are thus automatically allowed by the Court to E-File at a significantly reduced cost.

23. The order denying Plaintiff the privilege to E-File prejudicially shortens his preparation and response times by 6 days or more when compared to the preparation and response times enjoyed by Plaintiff's legal adversaries because it takes 3 days or more before Plaintiff receives service by U.S. Mail, and 3 days of Plaintiff's response time is eaten up by using U.S. Mail instead of E-File.  For example, where the Rules provide for a 14-day window to file these objections, in reality Plaintiff is only allotted 8 days after snail-mail time is factored in.

24. Although the privilege of E-Filing is currently classified as a "privilege," access to any privilege granted by the Court Rules constitutes a liberty interest created by the Court Rules.

25. To deny the aforementioned liberty interest to such a demonstrably effective litigant based on the magistrate's omission of the objective and verifiable facts described hereinabove to support the magistrate's application of misleading and subjective facts described

hereinabove would violate Plaintiff's liberty interests secured by the Due Process Clause and/or the Equal Protection Clause of U.S. Const. Am. XIV.

26. The 4/18/2018 Order of the magistrate[18] lists 5 erroneously dismissed cases to support the decision to deny Plaintiff the privilege of e-filing on the premise that Plaintiff files frivolous lawsuits.  However, this OBJECTION to that Order lists and provides proof of 5 independent instances where the legal disagreements between Plaintiff and numerous state and federal judges have ultimately been resolved at a higher level in favor of Plaintiff.

27. There is no valid reason to deny Plaintiff the privilege of e-filing.  He has already had a PACER account for years and has proven himself to be effective using it.

28. Plaintiff verifies under penalty of perjury that the facts stated above are all true, correct, complete and certain to the best of his information, knowledge and belief.

### RELIEF SOUGHT

Plaintiff asks the Court to SUSTAIN this timely OBJECTION raised and fully explained hereby, and further asks that the Court GRANT Plaintiff the privilege of electronic filing and service.

Respectfully,

*/s/ William Spencer*

William Sim Spencer
Plaintiff, in propria persona
15283 Wallin Road
Thompsonville, MI 49683
(231) 970-0810
williamsimspencer@gmail.com

Dated:  26 April 2018.

---

[18] Attachment 1.

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing objection was served to each counsel of record by placing same in a prepaid envelope, one addressed to each counsel of record at their respective addresses disclosed by the record and depositing same in the U.S. Mail on 4/26/2018.

Dated: 26 April 2018.

*[signature]*

William Sim Spencer

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

# PRIORITY®

UNITED STATES POSTAL SERVICE.   Retail



**P**  US POSTAGE PAID
**$6.70**

Origin: 49616
Destination: 49007
0 Lb 9.80 Oz
Apr 27, 18
2508700647-03      1005

**PRIORITY MAIL 2-Day ®**

Expected Delivery Day: 04/30/2018   C033

USPS TRACKING NUMBER



9505 5105 8671 8117 1563 06


PS00001000014   EP14F July 2013
OD: 12.5 x 9.5

PRIORITY MAIL ★   UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
William Sim Spencer
15283 Wallin Road
Thompsonville, MI 49683

TO:
U.S. District Court
410 W. Michigan Avenue
Kalamazoo, MI 49007-3757

Label 228, March 2016   FOR DOMESTIC AND INTERNATIONAL USE

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®