UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. SPENCER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-229 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| BILL SCHUETTE, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff William Spencer is acting pro se, meaning that he is litigating this action without an attorney. Under the Local Rules, attorneys are required to file and serve all documents through the Western District's electronic case filing system (ECF). Non-prisoner pro se parties may request permission to use ECF by submitting an application. The privilege to use ECF is considered on a case-by-case basis.

Spencer submitted an Application for Electronic Filing and Service (ECF No. 14), which was denied by the magistrate judge (ECF No. 16). The magistrate judge concluded that Spencer's history of filing frivolous lawsuits in this district was a sufficient reason to deny his application.

Spencer filed an objection to the denial. (ECF No. 19). Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Spencer advances several arguments. First, he identifies six opinions

or orders issued by a court in which he prevailed on appeal. That Spencer has successfully appealed adverse decisions is not contrary to conclusion that he also filed frivolous lawsuits. Second, Spencer insists that his criminal conviction more than 15 years ago was an injustice. This argument does not demonstrate that the decision to deny him access to ECF was clearly erroneous or contrary to law. The fact that the lawsuits identified by the magistrate judge were "full-throated attempt[s] by Plaintiff to stop the 15-years-long illegal restraint of his person" (PageID.100) does not change the fact that each of the lawsuit were dismissed as frivolous or meritless. Third, Spencer argues that the cost of making copies and paying for postage is a burden, and asserts that the denial of access to ECF violates the due process clause. Spencer is wrong. There is no liberty interest in access to ECF. And, he was provided the same process that all other applicants are provided. Spence has not demonstrated that the application process is somehow deficient. Finally, Spencer argues his time to respond to any motion is shortened because of the time it takes to receive and send documents through the mail. Again, Spencer is wrong. He has the same amount of time to respond that attorneys using ECF have.

Spencer has not demonstrated that the order denying his application for access to ECF was clearly erroneous or contrary to law. Accordingly, his objection (ECF No. 19) is **DENIED. IT IS SO ORDERED.**

Date: May 3, 2018   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

2